UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
--------------------------------------------------------------------------------X
MIGUEL A. VAZQUEZ,

                            Plaintiff,

-against-

CARR AND DUFF, INC., and
THURMOND PACE, Individually,

                            Defendants.
--------------------------------------------------------------------------------X

Civil Action No.

**16     1727**

**COMPLAINT**

Plaintiff Demands A
Trial by Jury

Plaintiff, MIGUEL A. VAZQUEZ, as and for his Complaint against Defendants CARR AND DUFF, INC. and THURMOND PACE, respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, § 9-1100 *et. seq.* ("PFPO"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed, discriminated against on the basis of gender, and retaliated against by his employer for complaining of harassment and discrimination.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under Title VII of the Civil Rights Act. The Court also has supplemental jurisdiction over the State and City Causes of Action. This court also has jurisdiction in that there exists complete diversity of citizenship. Plaintiff is a citizen of the State of Florida and the defendants and none of the Defendants are citizens of the State of Florida.

3. Venue is proper in this district based upon Defendants' principal place of business within the County of Montgomery, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events took place within the Eastern District of Pennsylvania.

4. On or about October 23, 2014, Plaintiff filed charges with the EEOC against Defendants as set forth herein.

5. On or about January 12, 2016, the EEOC issued Plaintiff a Right to Sue Letter.

6. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

## PARTIES

7. Plaintiff MIGUEL A. VAZQUEZ (hereinafter also referred to as Plaintiff and "VAZQUEZ") is an individual Hispanic male who is a citizen of the State of Florida.
   a. At all times material, Plaintiff was a resident of the County of Philadelphia, in the Commonwealth of Pennsylvania.

8. At all times material, Defendant CARR AND DUFF, INC. (hereinafter also referred to as Defendant and "CARR AND DUFF") is a domestic business corporation authorized to do business in the Commonwealth of Pennsylvania, and it has its principal place of business located at 2100 Byberry Avenue, Huntington Valley, Pennsylvania, 19006.

9. At all times matieral, according to their own website, Defendant CARR AND FUFF "is a multifaceted electrical construction company. Headquartered in Huntingdon Valley, PA, with satellite offices in Philadelphia and Jackson, NJ, we have the manpower, equipment and material to service any electrical project. The cross-section of industries we serve shows the variety and diversity of our qualifications and of our people. Our safety and quality assurance program allows us to provide you with the excellence your company requires."

10. At all times material, Plaintiff VAZQUEZ was an employee of Defendant CARR AND DUFF.

11. At all times material, Defendant THURMOND PACE (hereinafter also referred to as "PACE") was employed a Foreman of Defendant CARR AND DUFF.

12. At all times material, Defendant PACE was a resident of the Commonwealth of Pennsylvania.

13. At all times material, Defendant PACE held supervisory authority over Plaintiff.

14. At all times material, Defendants discriminated against Plaintiff because of Plaintiff's gender and sexual harassment.

## MATERIAL FACTS

15. On or around April 7, 2014, Plaintiff VAZQUEZ began working for Defendants as a "Ground Hand."

16. In or around June 2014, Defendant PACE began to subject Plaintiff to sexually explicit comments and conduct around and to discriminate against Plaintiff because of his sex.

17. In or around June 2014, Plaintiff was employed with Defendants for only a short period of time when Defendant PACE began flashing his naked penis to Plaintiff on a regular basis.

18. From June 2014 through September 2014, Defendant PACE exposed his penis and genitalia to Plaintiff, showed Plaintiff explicit pornographic images, attempted to kiss Plaintiff, and discussed his own obscene sexual exploits on an on-going and continual basis.

19. By means of example only, Defendants PACE would quietly come up behind Plaintiff, without Plaintiff's knowledge. While standing behind Plaintiff, Defendant PACE would pull out his penis and genitals, hold them in his hand and scream for Plaintiff's attention, causing Plaintiff to turn around quickly to observe Defendant PACE's penis and genital inches from Plaintiff's face. Defendant PACE laughed and stated, "Look how big it is" and that Hispanic men "do not have a big one like I do."

20. At all times material, Plaintiff demanded that Defendant PACE immediately stop.

21. Defendant PACE would laugh at Plaintiff's noticeable humiliation and discomfort, stating that Plaintiff was "stupid" and it was "just a joke."

22. At all times material, this obscene sexual conduct would transpire in the presence of multiple co-workers, including Defendant CARR AND DUFF's Field Operator, Joseph Curran, and Ground Hand/Traffic Technician, Mark Franklin.

23. At all times material, Defendant PACE made clear threats and asserted his control over Plaintiff, demonstrating that use of Defendant PACE's title and explaining that Defendants PACE could have Plaintiff terminated at any given time with a simple phone call or email.

24. In or around August, 2014, as Plaintiff was working, Defendant PACE lunged at Plaintiff, attempted to kiss Plaintiff on the mouth.

25. Again, this sexual harassment occurred in the presence of Mark Franklin.

26. Despite Plaintiff demanding that Defendant stop immediately, Defendant PACE proceeded to continue making similar sexual advances towards Plaintiff.

27. In or around August, 2014, as Plaintiff was leaving work for the day in his car, Defendant PACE screamed for Plaintiff to stop. When Plaintiff slowed down to respond to Defendant PACE, Defendant PACE was again standing with his pants down and with his penis and genitals in his hand.

28. Again, Plaintiff demanded that Defendant PACE immediately stop and then drove away.

29. On an almost daily basis, Defendant PACE would call Plaintiff and Plaintiff's co-workers over to Defendant PACE's truck to show them the obscene and degrading pornographic pictures and videos Defendant PACE was watching. Defendants PACE would regularly compare his own personal sexual exploits to those in the pictures and videos.

30. In or around August, 2014, Defendants PACE quietly approached Plaintiff from behind as he worked. Without warning, Defendant PACT grabbed Plaintiff, looked down

Plaintiff's pants, and threw stones down Plaintiff's pants, laughing and stating that Plaintiff has "a nasty ass," is "fat, hairy, disgusting" and not "packing" like Defendant PACE.

31. In or around the middle of September 2014, Defendant PACE took vacation time resulting in Plaintiff being placed under the supervision of Defendants' employee, Scott Wohler.

32. Having finally had enough of the constant abuse and sexually hostile environment, Plaintiff reported Defendant PACE's regular sexually obscene conduct and comments to Wohler.

33. On or around September 18, 2014, Scott Wohler informed Defendant CARR AND DUFFS's Director of Risk Management, Robert Wertz, and Project Manger, Robert Casey, what had been reported to him by Plaintiff.

34. On or around September 18, 2014, Plaintiff met directly with Robert Wertz and Robert Casey.

35. During the course of this meeting, Plaintiff discussed at length the sexually hostile environment created by Defendant PACE. Casey and Wertz assured Plaintiff that all details reported during this meeting would remain confidential and that Plaintiff's complaints would handled accordingly.

36. Defendants asked Plaintiff if he would like to be moved to a new foreman/site. Despite the burden, Plaintiff accepted and was moved to the supervision of Gregg Diedrick.

37. Defendant CARR AND DUFF never properly investigated the conduct and comments made by Bud and never took appropriate action.

38. On or around September 22, 2014, upon reporting to work, Plaintiff was approached by numerous co-workers and questioned in great detail about Defendant PACE and Plaintiff's report of sexual harassment.

39. Despite Plaintiff's new foreman and site, Plaintiff was forced to regularly interact with Defendant PACE.

40. By means of example only, upon arriving to work in the morning or returning to the yard to collect necessary materials for a job site, Plaintiff would regularly see Defendant PACE. Defendant PACE would glare at Plaintiff, clearly intending to be threatening and make Plaintiff uncomfortable.

41. On or around October 23, 2014, Plaintiff filed an EEOC Charge of discrimination against the Defendants.

42. On or around November 13, 2014, Defendants' EEO Officer, Linda Heintz, contacted Plaintiff stating that she had received a letter from the EEOC, asked why she had not been informed of this previously, and asked if Plaintiff had obtained an attorney.

43. Defendants began instituting a campaign to terminate Plaintiff because of Plaintiff's complaints.

44. On or around November 15, 2014, in retaliation for Plaintiff filing with the EEOC and other complaints, Defendants ran a credit check as a "new employee."

45. On or around November 24, 2014, Plaintiff amended his original EEOC charge to include retaliation.

46. On or around January 16, 2015, Defendants' wrongfully terminated Plaintiff.

47. Defendants unlawfully terminated Plaintiff because of his complaint of sexual harassment and opposition to the unlawful practices of Defendants, and in retaliation for Plaintiff filing a charge with the EEOC.

48. That as a result of Defendants' conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

49. Plaintiff suffers from regular panic attacks and nightmares relating to Defendants' conduct.

50. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

51. As a result of the acts and conduct complained of herein, Plaintiff VAZQUEZ has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff VAZQUEZ has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff VAZQUEZ further experienced severe emotional and physical distress.

52. As a result of the above, Plaintiff VAZQUEZ has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

53. Defendants' conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law.  As such, Plaintiff VAZQUEZ demands Punitive Damages as against all Defendants, jointly and severally.

54. The above are just some of the examples of the discrimination and retaliation to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

57. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of his sex.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to ... discriminate against any of his employees ... because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

60. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

63. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his sex.

64. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

67. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the

provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

70. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### AS AN SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72. The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice: "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

73. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's sex.

74. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

### AS AN SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter, exercised his, her or its rights under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder."

77. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE

78. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

79. The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

80. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
April 11, 2016

                              DEREK SMITH LAW GROUP, PLLC
                              Attorneys for Plaintiffs

By: _____
                              Caroline H. Miller, Esq.
                              caroline@dereksmithlaw.com
                              1845 Walnut Street, Suite 1600
                              Philadelphia, Pennsylvania 19103
                              (215) 391-4790

JS 44 (Rev. 12/12)

**CIVIL COVER SHEET**

16-CV-1727

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
MIGUEL A. VAZQUEZ

### DEFENDANTS
CARR AND DUFF, INC., and
THURMOND PACE, Individually

**(b)** County of Residence of First Listed Plaintiff   ST. LUCIE COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Derek Smith Law Group, PLLC
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
(215) 391-4790

Attorneys *(If Known)*
UNKNOWN

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. Seq. ("Title VII");
Brief description of cause:
Employment discrimination based on seX; Retaliation for opposing the unlawful conduct

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
04/11/2016

SIGNATURE OF ATTORNEY OF RECORD

APR 11 2016

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6317 Spring Lake Terrace, Fort Pierce, Florida, 34951

Address of Defendant: 2100 Byberry Avenue, Huntington Valley, Pennsylvania 19006

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Caroline H. Miller, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/11/2016   _____   321420
                   Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

APR 11 2016

DATE: _____   _____   _____
                   Attorney-at-Law        Attorney I.D.#



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Miguel A. Vazquez | CIVIL ACTION |
| v. | |
| CARR AND DUFF, INC., and | NO. 16   1727 |
| THURMOND PACE, individually. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 04/11/2016 | Caroline H. Miller | Plaintiff MIGUEL A. VAZQUEZ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 391-4790 | (215) 893-5288 | Caroline@dereksmithlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR 11 2016