IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL A. VAZQUEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-1727 |
| | : | |
| CARR AND DUFF, INC., et al. | : | |
| Defendants. | : | |

Jones, II   J.                                                                                          September 22, 2017

## MEMORANDUM

Plaintiff Miguel Vasquez alleges that he was sexually harassed by Defendant Thurmond Pace while employed as a ground hand for Defendant Carr and Duff, Inc. Plaintiff alleges that Defendant Pace's conduct created a hostile work environment and that Defendant Carr and Duff unlawfully retaliated against Plaintiff once Plaintiff reported Defendant Pace's inappropriate behavior. As a result of thereof, Plaintiff filed the present action alleging violations of Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO"). The defendants each filed Motions to Dismiss Plaintiff's Complaint, which the Court considers herein. For the reasons that follow, Defendant Carr and Duff's Motion is granted in part and denied in part and Defendant Pace's Motion is granted in its entirety. Plaintiff is granted leave to amend the Complaint within fourteen days of the filing of this Memorandum and the corresponding Order.

## FACTUAL BACKGROUND

The following facts are presented in the light most favorable to Plaintiff. Defendant Carr and Duff, Inc. is a Pennsylvania based electrical construction company. (ECF No. 1, ¶ 9). In

April of 2014, Plaintiff began working for Defendant Carr and Duff as a ground hand. (ECF No. 1, ¶ 15). At that time, Defendant Pace worked for Defendant Carr and Duff as a foreman. (ECF No. 1, ¶ 11).

Beginning in June of 2014, Plaintiff alleges that Defendant Pace subjected him to sex discrimination and sexual harassment on an ongoing and continuous basis. (ECF No. 1, ¶¶ 16, 18). On an almost daily basis from June of 2014 through September of 2014, Defendant Pace exposed his genitals to Plaintiff, showed Plaintiff pornographic images, discussed sexual exploits in explicit detail in Plaintiff's presence, and subjected Plaintiff to unwelcomed physical contact. (ECF No. 1, ¶ 17-18). Plaintiff repeatedly asked Defendant Pace to stop, but Defendant Pace would "laugh at Plaintiff's noticeable humiliation and discomfort," and would tell Plaintiff that Defendant Pace's actions were "just a joke." (ECF No. 1, ¶ 20-21).

On at least one occasion, Defendant Pace snuck up behind Plaintiff, held his bare genitals in his hand, and screamed to get Plaintiff's attention. (ECF No. 1, ¶ 19). Defendant Pace then laughed and exclaimed, "Look how big it is" and that Hispanic men "do not have a big one like I do." (ECF No. 1, ¶ 19). On another occasion, Defendant Pace grabbed Plaintiff, threw stones down Plaintiff's pants, and made disparaging comments about Plaintiff's body – specifically that Plaintiff was not "packing" like Defendant Pace. (ECF No. 1, ¶ 30). Throughout the several month period of alleged harassment, Defendant Pace subjected Plaintiff to numerous unwanted sexual advances. (ECF No. 1, ¶ 24, 26).

While Defendant Pace was on vacation, Plaintiff reported Defendant Pace's inappropriate conduct and comments to his interim supervisor. (ECF No. 1, ¶¶ 31-32). Plaintiff then discussed Defendant Pace's obscene behavior with Defendant Carr and Duff's Director of Risk Management and Project Manager, who assured Plaintiff that they would handle the matter

confidentially. (ECF No. 1, ¶¶ 33-35). Following the meeting, Defendant Carr and Duff moved Plaintiff to a new site and a new foreman. (ECF No. 1, ¶ 36). Despite the move, Plaintiff was forced to still regularly see and interact with Defendant Pace. (ECF No. 1, ¶ 39). Defendant Carr and Duff never conducted further investigation into Defendant Pace's actions or comments. (ECF No. 1, ¶ 37).

On October 23, 2014, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination against Defendants. (ECF No. 1, ¶ 41). At some point thereafter, Defendant Carr and Duff's EEO Officer informed Plaintiff that she had been contacted by the EEOC and asked Plaintiff why she had not been informed of the filing earlier. (ECF No. 1, ¶ 42). The EEO Officer also asked if Plaintiff had obtained an attorney. (ECF No. 1, ¶ 42). About two days thereafter, Defendant Carr and Duff ran a credit check on Plaintiff as a "new employee." (ECF No. 1, ¶ 44). On November 24, 2014, Plaintiff amended his original EEOC Charge to include an allegation of unlawful retaliation. (ECF No. 1, ¶ 45). Plaintiff was terminated roughly two months later. (ECF No. 1, ¶¶ 46).

## **PROCEDURAL HISTORY**

Plaintiff reportedly filed his first EEOC Charge of Discrimination against Defendants in October of 2014, (ECF No. 1, ¶ 41), though the documentation provided to this Court relates only to the amended EEOC Charge filed on November 24, 2014 and a subsequent EEOC Charge filed in September of 2015. (ECF No. 15-2, Ex. B, Ex. C). In the November 2014 amended Charge, Plaintiff asserts that Defendant Pace's conduct and the running of his credit report were acts of sex discrimination and retaliation, respectively, made unlawful by Title VII. (ECF No. 15-2, Ex. B). The November 2014 Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). (ECF No. 15-2, Ex. B).

On September 3, 2015, Plaintiff filed an additional EEOC Charge of Discrimination, alleging that his termination was unlawful retaliation in violation of Title VII. (ECF No. 15-2, Ex. C). This Charge was also cross-filed with the PHRC. (ECF No. 15-2, Ex. C).

Based on the facts as described above, Plaintiff filed the instant action against Defendants alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO"). (ECF No. 1, ¶¶ 57, 60, 64, 67, 70, 74, 77, 80). Defendants timely filed their respective Motions to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies. Presently before the Court are Defendants' Motions and Plaintiff's responses thereto.

**STANDARD OF REVIEW**

I.  **Rule 12(b)(1)**

"Although it is a basic tenet of administrative law that a plaintiff should timely exhaust all administrative remedies before seeking judicial relief, the purpose of this rule is practical, rather than a matter affecting substantive justice…Failure to exhaust is in the nature of statutes of limitation and does not affect the District Court's subject matter jurisdiction." Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999) (internal quotations omitted). It is therefore more appropriate to assess Defendants' exhaustion arguments in favor of dismissal under Federal Rule of Civil Procedure 12(b)(6). See id. ("Thus, the District Court should have considered the exhaustion and timeliness defenses presented in this case under Rule 12(b)(6), rather than under Rule 12(b)(1).").

II. **Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). After the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

**DISCUSSION**

Plaintiff's claims for unlawful discrimination and retaliation arise under Title VII, the PHRA, and the PFPO. Plaintiff also brings claims against Defendants for aiding and abetting unlawful employment practices in violation of the PHRA and the PFPO. For Defendants' respective violations, Plaintiff seeks an unspecified amount in punitive damages. Defendants challenge the sufficiency of the pleadings to establish each of Plaintiff's claims and in some instances, advance several arguments in favor of dismissal of a single claim. In the interest of

5

clarity, this Court considers each of Plaintiff's claims in turn, organized according to the statute or ordinance under which the claims arise.

I. **<u>Title VII Claims</u>**

A. <u>Sexual Discrimination</u>

In Count I of the Complaint, Plaintiff alleges that Defendant Carr and Duff discriminated against Plaintiff on the basis of sex, in violation of Title VII. (ECF No. 1, ¶ 56-57).[1] Under Title VII, a claim for sex discrimination can be presented in one of two ways: quid pro quo or hostile work environment. To state a claim for sex discrimination by way of hostile work environment, the plaintiff must demonstrate: (1) the plaintiff suffered intentional discrimination because of his or her sex, (2) the discrimination was severe and pervasive, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally effect a reasonable person of the same sex in that position, and (5) the existence of *respondeat superior* liability. <u>Andrews v. Philadelphia</u>, 895 F.2d 1469, 1482 (3d Cir. 1990). Importantly, in <u>Castleberry v. STI Group</u>, the Third Circuit confirmed that the "severe and pervasive" element of the hostile work environment standard requires only a showing that the discrimination experienced was severe *or* pervasive. 863 F.3d 259, 264 (3d Cir. 2017).

Defendant Carr and Duff seek dismissal of Count I on the grounds that the pleadings are insufficient to establish intentional discrimination on the basis of sex, the severity or pervasiveness of the misconduct alleged, or the propriety of *respondeat superior* liability in this case. (ECF No. 15-2, p. 7-12). This Court finds that while the facts as alleged sufficiently establish the first and second elements of the hostile work environment standard, Count I of the

---

[1] The Complaint does not clearly establish against whom Plaintiff brings each of his claims. The caption for Count I and Count II include "Not Against Individual Defendants," but in the bodies of all eight claims, Plaintiff makes repeated reference to the unlawful conduct of "Defendants" generally. Given the differences in the Plaintiff's captions, the Court operates under the assumption that Plaintiff brings Counts I and II only against the defendant-employer and brings Counts III through VIII against both the defendant-employer and the defendant employee.

Complaint is dismissed for failure to establish the existence of *respondeat superior* liability. Defendant Carr and Duff's Motion is granted as it relates to Count I.

   i. Supervisor as Harasser

 The Supreme Court "has held that an employer is directly liable for an employee's unlawful harassment if the employer was negligent with respect to the offensive behavior." Vance v. Ball State Univ., 133 S. Ct. 2434, 2441 (2013) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 789 (1998)). The means by which a court determines the existence of *respondeat superior* liability in a hostile work environment case is dependent on the status of the alleged harasser. Id. at 2439. Where the alleged harasser was the plaintiff's supervisor, *respondeat superior* liability is established in one of two ways. If the supervisor-harasser takes tangible employment action against the plaintiff, the defendant-employer is strictly liable for the supervisor's discriminatory conduct. Id. But where no tangible employment action is taken, an employer can escape liability by establishing that the employer "exercised reasonable care to prevent and correct" the alleged harassment and that the plaintiff "unreasonably failed to take advantage of the preventative or corrective opportunities the employer provided." Id.

 Plaintiff fails to plead sufficient facts to establish Defendant Pace was Plaintiff's supervisor. "[A]n employee is a "supervisor" for the purposes of vicarious liability under Title VII if he or she is empowered by the employer to take tangible employment actions against the victim." Id. at 2454. Historically, the Court has defined "tangible employment action" as being that which "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Id. at 2456 (citing Burlington Indus. v. Ellerth, 524 U.S. 742, 761 (1998)). Besides identifying Defendant Pace as Defendant Carr and Duff's foreman, and baldly

asserting that Defendant Pace "held supervisory authority over Plaintiff," Plaintiff provides no facts from which this Court could reasonably infer that Defendant Pace was Plaintiff's supervisor at the time the alleged harassment occurred. The Court notes that the title of "foreman" is commonly associated with managerial responsibilities and power. But without any facts relating to the extent of Defendant Pace's authority as a Carr and Duff foreman, specifically, this Court cannot determine whether Defendant Pace was a supervisor only in title or whether he wielded the power to cause Plaintiff "direct economic harm." Vance, 133 S.Ct. at 2448. The Court therefore employs the standard for evaluating an employer's response to harassing behavior by a coworker to assess the sufficiency of the pleadings to establish *respondeat superior* liability.

        ii. Coworker as Harasser

Where the harassing employee was not the plaintiff's supervisor, the plaintiff can establish employer liability by demonstrating that the defendant-employer "had actual or constructive knowledge about the existence of a sexually hostile environment and failed to take prompt and adequate remedial action." Andrews, 895 F.2d at 1486. The pleadings establish that Plaintiff reported Defendant Pace's conduct to members of Defendant Carr and Duff's executive staff and Defendant Carr and Duff thereafter had Plaintiff reassigned to a new foreman and worksite. Nothing in the Complaint suggests that Plaintiff experienced any further harassment after the reassignment, which is fatal to Plaintiff's claim. Generally, "when an employer's response stops the harassment, there can be no employer liability under Title VII." Weston v. Pennsylvania, 251 F.3d 420, 427 (3d Cir. 2001) (affirming the decision of the district court that plaintiff failed to establish employer liability because the plaintiff "[did] not allege that the offensive conduct continued after the [employer] reprimand."). Despite Plaintiff's arguments to the contrary, it would appear from the pleadings that Defendant Carr and Duff's response

effectively ended Defendant Pace's harassing behavior, and "[b]y definition, there is no negligence if the [sexual harassment grievance] procedure is effective." Bouton v. BMW of N. America, Inc., 29 F.3d 103 at 110 (3d Cir. 1994).

Absent a showing of *respondeat superior* liability, Plaintiff cannot prevail on his hostile work environment claim. The pleadings fail to establish Defendant Pace as Plaintiff's supervisor, and fail to identify any continued harassment following Plaintiff's notice to Defendant Carr and Duff of Defendant Pace's conduct. As such, this Court can find no basis upon which to hold Defendant Carr and Duff vicariously liable for the harassment Plaintiff allegedly experienced. Defendant Carr and Duff's Motion is granted as it relates to Count I of the Complaint.

B. Retaliation

In Count II of the Complaint, Plaintiff alleges that Defendant Carr and Duff unlawfully retaliated against Plaintiff in violation of Title VII. (ECF No. 1, ¶ 58-60). To state a Title VII claim for retaliation, the plaintiff must demonstrate (1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against the plaintiff, and (3) there was a causal connection between the plaintiff's participation in the protected activity and the adverse employment action. Nelson v. Upsala Coll., 51 F.3d 383, 386 (3d Cir. 1995).

As described above, Plaintiff filed two Charges of Discrimination with the EEOC, each of which alleged different acts of discrimination by Defendant Carr and Duff. The first Charge of Discrimination initially alleged that Defendant Carr and Duff discriminated against Plaintiff on the basis of sex. (ECF No. 1, ¶ 41). The Charge was subsequently amended to add the allegation that Defendant Carr and Duff retaliated against Plaintiff by "pull[ing] [Plaintiff's] credit report." (ECF No. 15-2, Ex. B). In September of 2015, Plaintiff filed a second Charge of Discrimination

9

with the EEOC, alleging that Defendant Carr and Duff terminated Plaintiff in retaliation for Plaintiff's earlier EEOC filings. (ECF No. 15-2, Ex. C).

As a preliminary matter, to the extent that Plaintiff's retaliation claim is based on Defendant Carr and Duff's credit check as a discrete adverse employment action, Plaintiff's claim is dismissed as a matter of law. To constitute an adverse employment action, the action "must be serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of *employment*." Tourtellotte v. Eli Lilly & Co., 636 F. App'x 831, 842 (3d Cir. 2016) (internal quotations omitted) (emphasis added). It is not enough that Plaintiff found the credit check objectionable, Title VII simply was not created to provide relief for adverse actions unrelated to an employment relationship. Thus, the Court now assesses the sufficiency of the pleadings to establish Plaintiff's retaliation claim, with Plaintiff's termination as the adverse employment action at issue.

### i. Causal Nexus

For the purposes of the instant Motion, Defendant Carr and Duff concedes the sufficiency of the pleadings to establish the first two prongs of the prima facie standard. (ECF No. 15-2, p. 14). Instead, Defendants seek dismissal of Count II on the grounds that Plaintiff cannot demonstrate a causal nexus between his participation in protected activity and Plaintiff's subsequent termination. (ECF No. 15-2, p. 14). For the reasons that follow, this Court finds that the pleadings sufficiently establish a Title VII claim for unlawful retaliation. As it relates to Count II of the Complaint, Defendant Carr and Duff's Motion is denied.

For the purpose of a Title VII retaliation claim, "protected activity" encompasses both formal charges of discrimination as well as complaints to supervisors. See Swanson v. Nw. Human Servs., 276 F. App'x 195, 196 (3d Cir. 2008) (finding that Plaintiff "clearly engaged in

protected activity when he complained to his supervisor and when he filed his EEOC complaint."). Plaintiff engaged in three protected acts prior to his termination on January 16, 2015: Plaintiff met with Defendant Carr and Duff's Director of Risk Management and Project Manager on September 18, 2014 to report Defendant Pace's conduct; Plaintiff filed an EEOC Charge of Discrimination on October 23, 2014 accusing Defendant Carr and Duff of sexual harassment; and Plaintiff amended his first EEOC Charge on November 24, 2014 to add an accusation of unlawful retaliation by Defendant Carr and Duff. (ECF No. 1, ¶¶ 34-35, 41, 45-46). Defendant Carr and Duff terminated Plaintiff fifty-three days after Plaintiff filed the amended Charge.

It is under "narrow circumstances" that the proximity in time between the protected activity and the adverse employment action is sufficient, *on its own*, to establish the requisite causal connection. Gladysiewski v. Allegheny Energy, 398 F. App'x 721, 724 (3d Cir. 2010). "Where temporal proximity is not so close as to be unduly suggestive, the appropriate test is timing plus other evidence." Watson v. Rozum, 834 F.3d 417, 424 (3d Cir. 2016) (internal quotations omitted). This "other evidence" could be any circumstantial evidence that bolsters the suggestion of retaliatory animus, including ongoing antagonism, or evidence that an employer gave inconsistent reasons for termination. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280-281 (3d Cir. 2000).

At this early stage, the Court is satisfied that Plaintiff pleads sufficient facts to infer a causal connection between Plaintiff's protected activity and subsequent termination. Upon notice of Plaintiff's first EEOC Charge, Defendant Carr and Duff's EEO Officer contacted Plaintiff and specifically inquired about Plaintiff's EEOC filing. (ECF No. 1, ¶ 42). The EEO Officer asked Plaintiff why he had not informed Defendant Carr and Duff about his intention to file the

Charge, and inquired about Plaintiff's plans to obtain counsel. (ECF No. 1, ¶ 42). This inquiry seems misplaced under the circumstances, and considered in conjunction with the two months between Plaintiff's second EEOC Charge and Plaintiff's termination, it is sufficient to create an inference of retaliation.

Defendant Carr and Duff erroneously assert that Plaintiff must allege that his participation in protected activity is the "but for" cause of the adverse employment action. Third Circuit precedent is clear that "[a]t the prima face stage the plaintiff must produce evidence sufficient to raise the inference that her protected activity was the *likely reason* for the adverse employment action." Carvalho-Grevious v. Del State Univ., 851 F.3d 249, 259 (3d Cir. 2017) (internal quotations omitted). The Court is satisfied that Plaintiff has met his burden, here. Defendant Carr and Duff's Motion is denied as it relates to Plaintiff's Title VII claim for unlawful retaliation.

II. **PHRA Claims**

A. Sex Discrimination

In Count III of the Complaint, Plaintiff alleges that Defendants discriminated against Plaintiff on the basis of sex, in violation of the PHRA. (ECF No. 1, ¶ 61-64). At the outset, Plaintiff's claim against Defendant Pace is dismissed. By its express terms, the PHRA's intentional discrimination provision is intended to redress the discriminatory employment practices of employers, not individual employees. 43 Pa. Cons. Stat. § 955(a); See also, Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996). As the PHRA does not allow for individual liability for this claim, Defendant Pace's Motion is granted as it relates to Count III of the Complaint.

Defendant Carr and Duff's Motion is also granted as it relates to Count III. The PHRA tracks Title VII claims of the same nature. Dici, 91 F.3d at 552. Just as the pleadings fail to establish a Title VII claim for sex discrimination against Defendant Carr and Duff, the facts as alleged are insufficient to sustain the instant PHRA claim against Defendant Carr and Duff.

B. Retaliation

In Count IV of the Complaint, Plaintiff alleges that Defendants engaged in acts of retaliation against Plaintiff, in violation of the PHRA. (ECF No. 1, ¶ 65-67). Both defendants seek dismissal of this claim on substantive and procedural grounds. For the reasons that follow, this Court finds that Plaintiff's only substantively cognizable PHRA claim for retaliation is procedurally barred. Defendants Motions are granted as they relate to Count IV of the Complaint.

Before a plaintiff can bring suit for alleged violations of the PHRA, he must first file a complaint with the Pennsylvania Human Relations Commission ("PHRC") within 180 days of the alleged act of discrimination. 43 Pa. Cons. Stat. §§ 959(a), 962; Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997). The EEOC and PHRC have a work sharing agreement by which the two agencies each designate the other as its agent for the purpose of receiving and drafting charges, even those that are not jurisdictional with the agency initially in receipt of the charges. Seybert v. Int'l Grp., Inc., No. 07-3333, 2009 U.S. Dist. LEXIS 21543 *1, *40 (E.D. Pa. March 17, 2009). Under this work sharing agreement, "filing a charge of discrimination with the EEOC within the 180 [day] mandatory filing period, together with a request that the EEOC dual-file it with PHRC, is sufficient to preserve claims under the PHRA." Id. *49-*50 (E.D. Pa. March 17, 2009). Once the complaint is filed with the PHRC, the PHRC has "exclusive jurisdiction over the [PHRA] claim for a period of one year in order to investigate and, if

possible, conciliate the matter." Burgh v. Borough Council of Montrose, 251 F.3d 465, 471 (3d Cir. 2001). The plaintiff can bring his PHRA claim in federal court once the one-year period has elapsed, even in the absence of a right to sue letter. Id.

Under the PHRA, both employers and individual employees can be held liable for retaliation. 43 Pa. Cons. Stat. § 955(d). The only acts of retaliation that Plaintiff pleads against either defendant are that which Plaintiff included in his two EEOC Charges of Discrimination. Plaintiff's second EEOC Charge of Discrimination – which alleges Defendant Carr and Duff terminated Plaintiff in retaliation for Plaintiff's opposition to workplace harassment – was dual filed with the PHRC outside the PHRA's 180-day window. (ECF No. 15-2, Ex. C). Defendant Carr and Duff terminated Plaintiff's employment on January 16, 2015, and Plaintiff did not file his second Charge of Discrimination with the EEOC until 230 days later, on September 3, 2015. Pennsylvania courts strictly interpret the PHRA filing requirement and "have repeatedly held that persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies" authorized by the Act. Woodson, 109 F.3d at 925. Thus, this Court must dismiss the PHRA claim for retaliation that is based upon Plaintiff's termination in January of 2015.

Without the claim contained in the second Charge of Discrimination, Plaintiff's only remaining retaliation claim against Defendants is that which was dual filed with the EEOC and PHRC in the November 2014 amended Charge. In that Charge, Plaintiff alleged that Defendant Carr and Duff's credit check was actionable retaliation, done in response to Plaintiff's complaints about Defendant Pace's behavior. Plaintiff does not allege Defendant Pace's involvement in the credit check but ultimately, as explained above, the credit check cannot serve as the basis of a Title VII retaliation against either defendant. Because the PHRA tracks Title VII

14

claims of the same kind, Plaintiff's claim for retaliation based on Defendant Carr and Duff's credit check is similarly untenable under the PHRA. Defendants Motions are therefore granted as they relate to Count IV.

      C. <u>Aiding and Abetting</u>

      In Count V of the Complaint, Plaintiff alleges that Defendants each aided and abetted the unlawful employment practices of a third party, in violation of the PHRA. (ECF No. 1, ¶ 68-70). Construing the Complaint liberally, this Court proceeds under the assumption that Plaintiff alleges Defendant Carr and Duff aided and abetted Defendant Pace's unlawful employment practices, and that Defendant Pace aided and abetted Defendant Carr and Duff's unlawful employment practices. Defendants seek dismissal of Count V on both procedural and substantive grounds. This Court finds that the Complaint is bereft of any facts from which this Court could reasonably infer either that Defendant Carr and Duff aided and abetted Defendant Pace's unlawful conduct, or that Defendant Pace aided and abetted Defendant Carr and Duff's unlawful conduct. Defendants Motions to dismiss Count V are therefore granted.

      Section 955(e) of the PHRA makes it unlawful for "any person, employer, employment agency, labor organization, or employee to aid, abet, incite, compel, or coerce the doing" of any practice declared unlawful by the Act. 43 Pa. Cons. Stat. § 955(e). For reasons stated in the foregoing sections, Plaintiff fails to establish that Defendant Pace has committed any act made unlawful by the PHRA. It necessarily follows that Defendant Carr and Duff cannot be held liable under the PHRA for aiding and abetting, as there is no misconduct to aid or abet. And as this Court has also dismissed each of Plaintiff's PHRA claims against Defendant Carr and Duff, it would similarly appear that there is no misconduct Defendant Pace could be charged with aiding and abetting in violation of the PHRA. Even if Defendant Pace could be held liable for aiding

15

and abetting the procedurally barred PHRA claim against Defendant Carr and Duff for retaliation, Plaintiff fails to present any facts upon which this Court could infer that Defendant Pace – a nonsupervisory employee – had the authority to aid, abet, compel, or incite Defendant Carr and Duff's decision to terminate Plaintiff. Count V simply does not allege facts that could support an aiding and abetting claim against either defendant. Defendants Motions are granted as they relate to Count V.

### III. PFPO Claims

#### A. Sex Discrimination

In Count VI of the Complaint, Plaintiff alleges that Defendants discriminated against Plaintiff on the basis of sex in violation of the PFPO. As with Plaintiff's PHRA claim, Plaintiff's sex discrimination claim against Defendant Pace is dismissed. By its express terms, the PFPO limits liability for sex discrimination to employers. Phila., Pa. Code § 9-1103(1)(a). Plaintiff cannot sustain a claim against Defendant Pace where the Act does not allow for individual liability.

As it relates to Defendant Carr and Duff, Plaintiff's PFPO claim for sex discrimination is also dismissed. Like the PHRA, the PFPO tracks Title VII claims of the same nature. Joseph v. Cont'l Airlines, 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. 2000). Just as the pleadings fail to establish a Title VII claim for sex discrimination against Defendant Carr and Duff, the alleged facts cannot sustain the instant claim. Both of Defendants' Motions are granted as they relate to Count VI of the Complaint.

#### B. Retaliation

In Count VII of the Complaint, Plaintiff alleges that Defendants engaged in various acts of unlawful retaliation against Plaintiff, in violation of the PFPO. (ECF No. 1, ¶ 75-77).

Defendants seek dismissal of this claim on both substantive and procedural grounds. For the reasons that follow, this Court finds that Defendant Pace's Motion is granted as it relates to Count VII and Defendant Carr and Duff's Motion is denied as it relates to Count VII.

The Pennsylvania Supreme Court has not addressed whether the PFPO requires an exhaustion of administrative remedies prior to initiating a lawsuit on a PFPO claim. Richards v. Foulke Assocs., 151 F. Supp. 2d 610, 613 (E.D. Pa. 2001). But courts within this circuit have held that the PFPO does so require. Ives v. NHS Human Servs. No. 15-5317, 2016 U.S. Dist. LEXIS 98500 *1, *7 (E.D. Pa. July 27, 2016) (citing Richards, 151 F. Supp. 2d at 616). In this circuit, a plaintiff can satisfy the administrative filing requirements under the PFPO by filing his or her claim with the PHRC. Id. Unlike the PHRA, the PFPO gives complainants 300 days following the commission of an alleged unlawful practice to file an administrative complaint. Phila., Pa. Code § 9-1112. As such, both allegations of retaliation contained in Plaintiff's dual filed Charges are administratively exhausted and preserved for this Court's review.

### i. Retaliation Claim Against Defendant Pace

The PFPO makes it unlawful for "any person to harass, threaten, harm, or otherwise penalize, retaliate or discriminate in any manner against any person" because he or she asserted his or rights under the Ordinance. Phila., Pa. Code § 9-1103(1)(g). Like the PHRA, the language of the PFPO extends liability for retaliation to individual employees. Count VII's caption suggests that Plaintiff intends to bring this claim against both Defendants, but Plaintiff fails to plead any facts upon which this Court could reasonably infer that Defendant Pace "harass[ed], threaten[ed], harm[ed], damag[ed], or otherwise penalize[ed]" Plaintiff after Plaintiff complained of Defendant Pace's harassing conduct. The allegedly retaliatory conduct identified in the Complaint and Charges of Discrimination is that which can only be attributed to Defendant Carr

17

and Duff. Plaintiff does not allege that Defendant Pace had a hand in the allegedly retaliatory credit check or the decision to terminate Plaintiff. Plaintiff's only allegation of retaliation by Defendant Pace was a "threatening glare," which hardly meets the threshold pleading requirements for retaliation. Because Plaintiff fails to plead any facts upon which this Court could find that Defendant Pace engaged in any act of unlawful retaliation against Plaintiff, Plaintiff's PFPO claim against Defendant Pace is dismissed.

ii. Retaliation Claim Against Defendant Carr and Duff

As discussed above, Plaintiff dual filed two Charges of Discrimination with the EEOC and PHRC, each which contained a separate allegation of unlawful retaliation by Defendant Carr and Duff. To the extent that the instant claim is based upon the allegedly retaliatory credit check, the claim is dismissed. Like the PHRA, the PFPO tracks Title VII claims of the same kind, and a credit check is not an actionable retaliatory act under Title VII.

To the extent that the instant claim is based upon Plaintiff's termination in January of 2015, Defendant Carr and Duff's Motion is denied. For all of the reasons detailed in the Title VII section above, this Court finds that the pleaded facts are sufficient to sustain a PFPO claim for retaliation, where Plaintiff's termination is the adverse employment action at issue.

For the foregoing reasons, Defendant Pace's Motion is granted as it relates to Count VII, and Defendant Carr and Duff's Motion is denied as it relates to Count VII – only insofar as Plaintiff's termination is the basis of the claim.

3. Aiding and Abetting

In Count VIII of the Complaint, Plaintiff alleges that Defendants aided and abetted the unlawful employment practices of a third party, in violation of the PFPO. (ECF No. 1, ¶ 78-80). For all of the reasons this Court denied Plaintiff's PHRA claim for aiding and abetting, this claim

is also denied. Plaintiff fails to establish any unlawful conduct by Defendant Pace that Defendant Carr and Duff can be said to have aided or abetted, and Plaintiff fails to plead sufficient facts to establish that Defendant Pace aided or abetted any of the unlawful conduct Plaintiff successfully pleads Defendant Carr and Duff committed. Defendants Motions are granted as they relate to Count VIII.

IV. **Punitive Damages**

Plaintiff's prayer for relief includes a request for punitive damages, available only under Title VII and the PFPO. (ECF No. 1, p.15). Defendant Carr and Duff argue that it is apparent on the face of the pleadings that Plaintiff is not so entitled. (ECF No. 15-2, p. 19-20). At this early stage, this Court is unwilling to state that as a matter of law, Plaintiff could not demonstrate the propriety of punitive damages in this case. Plaintiff's prayer for relief will remain as pled.

**CONCLUSION**

For all of the foregoing reasons, Defendant Pace's Motion to Dismiss the Complaint is granted in its entirety and Defendant Carr and Duff's Motion to Dismiss the Complaint is granted in part and denied in part. Defendant Carr and Duff's Motion is granted as it relates to Counts I, III, IV, V, VI, and VIII. Defendant Carr and Duff's Motion is denied as it relates to Counts II and VII. Plaintiff's prayer for relief will remain as pled.

Plaintiff is granted leave to amend within fourteen (14) days of the filing of this Memorandum and the corresponding Order that follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.