IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL A. VAZQUEZ, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : NO. 16-1727 |
| | : |
| CARR AND DUFF, INC., et al. | : |
| Defendants. | : |

Jones, II    J.                                              July 11, 2018

## MEMORANDUM

Plaintiff Miguel Vasquez commenced the above-captioned action alleging various violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e to 2000e-17. (hereinafter "Title VII"), the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.* (hereinafter "PHRA"), and the Philadelphia Fair Practices Ordinance, § 9-1100, *et seq.* (hereinafter "PFPO"). Plaintiff alleges that Defendant Thurmond Pace repeatedly sexually harassed Plaintiff during Plaintiff's employment as a ground hand for Defendant Carr and Duff. Plaintiff alleges that Defendant Carr and Duff was aware of Defendant Pace's history of inappropriate workplace conduct and retaliated against Plaintiff when Plaintiff formally complained about Defendant Pace's harassing behavior. Defendants timely filed Motions to Dismiss the Amended Compliant pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, Defendant Carr and Duff's Motion is granted in part and denied in part and Defendant Pace's Motion is granted in its entirety. The Court denies leave for further amendment, and Defendant Carr and Duff is directed to file an Answer to the Amended Complaint within fourteen (14) days of the filing of this Memorandum and the accompanying Order.

## FACTUAL BACKGROUND

In the interests of brevity, the Court refers the parties to the Memorandum dated September 22, 2017, (ECF No. 20), for a full recitation of the pertinent facts.

Plaintiff commenced the instant action in April 2016. (ECF No. 1.) On Defendants' Motions, this Court previously dismissed Plaintiff's Complaint in its entirety as it related to Defendant Pace, and in part as it related to Defendant Carr and Duff. (ECF No. 20.) As was required, this Court granted Plaintiff the opportunity to amend the Complaint to remedy the identified deficiencies in pleading. (ECF No. 20, p. 19.) In accordance therewith, Plaintiff filed an Amended Complaint on October 12, 2017. (ECF No. 22.) The pleadings contained in the Amended Complaint are nearly identical to that of the original, with the exception of facts added to allege Defendant Pace's role as Plaintiff's supervisor, (ECF No. 22 ¶ 18, 28), and to describe disciplinary action taken against Defendant Pace for previous acts of unlawful harassment. (ECF No. 22 ¶ 21.)

Defendants timely filed Motions to Dismiss the Amended Complaint, each of which the Court considers herein.[1] Now before the Court are Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (ECF Nos. 26, 27), Plaintiff's Responses in Opposition thereto (ECF Nos. 28, 29), and Defendant Carr and Duff's Reply (ECF No. 30-2).

## STANDARD OF REVIEW

I. **Rule 12(b)(1)**

"Although it is a basic tenet of administrative law that a plaintiff should timely exhaust all administrative remedies before seeking judicial relief, the purpose of this rule is practical, rather than a matter affecting substantive justice…Failure to exhaust is in the nature of statutes of

---

[1] Defendant Pace moves for dismissal of each of Plaintiff's claims, though only four of the seven total claims advance a claim against Defendant Pace. The Court only considers Defendant Pace's Motion to the extent that Defendant Pace challenges a claim for which Defendant Pace is named as a defendant.

2

limitation and does not affect the District Court's subject matter jurisdiction." Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999) (internal quotations omitted). It is therefore more appropriate to assess Defendants' exhaustion arguments in favor of dismissal under Federal Rule of Civil Procedure 12(b)(6). See id. ("Thus, the District Court should have considered the exhaustion and timeliness defenses presented in this case under Rule 12(b)(6), rather than under Rule 12(b)(1).").

II. **Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). After the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

**DISCUSSION**

In its earlier Memorandum, the Court comprehensively assessed the sufficiency of the pleadings to establish each of Plaintiff's claims under Title VII, the PHRA, and the PFPO. (ECF

No. 20.) Accordingly, the Court now primarily focuses its attention on Plaintiff's ability to remedy the claims previously identified as insufficiently pled. The analysis that follows contains substantive assessments of the challenged claims only to the extent that the Court's previous holding is no longer instructive.

I. **Title VII Claims**

    A.    <u>Sexual Discrimination</u>

In Count One of the Amended Complaint, Plaintiff alleges that Defendant Carr and Duff discriminated against Plaintiff on the basis of sex, in violation of Title VII. (ECF. No. 22, ¶63-65.) Defendant Carr and Duff move for dismissal of this first cause of action on the grounds that Plaintiff fails to allege sufficient facts to establish a Title VII claim for sex-based hostile work environment. (ECF No. 26, p. 9-10.) To allege a Title VII claim for sex discrimination by way of hostile work environment, the plaintiff must demonstrate: (1) the plaintiff suffered intentional discrimination because of his or her sex, (2) the discrimination was severe and pervasive, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally effect a reasonable person of the same sex in that position, and (5) the existence of *respondeat superior* liability. <u>Andrews v. Philadelphia</u>, 895 F.2d 1469, 1482 (3d Cir. 1990).

This Court previously dismissed Plaintiff's hostile work environment claim against Defendant Carr and Duff for failure to allege the existence of *respondeat superior* liability. (ECF No. 20, p. 7.) Specifically, this Court found that Plaintiff failed to plead sufficient facts to establish that Defendant Pace operated as Plaintiff's supervisor at any time material to this action, (ECF No. 20, p. 7), and failed to plead sufficient facts to establish employer liability for Defendant Pace's conduct as a non-supervisory employee-harasser. (ECF No. 20, p. 9.) It is on this basis, alone, that Defendant Carr and Duff challenges the sufficiency of the pleadings as it relates to Count One, here. (ECF No. 26, p. 9.) Upon thorough review of the additional facts

alleged in the Amended Complaint, and for the reasons that follow, this Court finds that Plaintiff sufficiently pleads a cause of action against Defendant Carr and Duff for Title VII sex-based discrimination. Defendant Carr and Duff's Motion is denied as it relates to Count One.

i. Supervisor as Coworker

As previously noted, the means by which a court determines the existence of *respondeat superior* liability in a hostile work environment case is dependent on the status of the alleged harasser. Vance v. Ball State Univ., 570 U.S. 421, 424 (2013). This Court found the pleadings of the original Complaint insufficient to establish employer liability for harassment committed by a non-supervisory employee. (ECF No. 20, p. 9.) As the pleadings of the Amended Complaint are identical in all material respects, Plaintiff remains unable to demonstrate that Defendant Carr and Duff acted negligently once advised of the harassment to which Plaintiff was subjected. Plaintiff, thus, fails to establish Defendant Carr and Duff's liability for Defendant Pace's conduct by way of the coworker as a harasser theory of Title VII *respondeat superior* liability.

i. Supervisor as Harasser

Where the alleged harasser was the plaintiff's supervisor, *respondeat superior* liability is established in one of two ways. If the supervisor-harasser takes tangible employment action against the plaintiff, the defendant-employer is strictly liable for the supervisor's discriminatory conduct. Vance, 570 U.S. at 424. But where, as here, no tangible employment action is taken, an employer can escape liability by establishing that the employer "exercised reasonable care to prevent and correct" the alleged harassment and that the plaintiff "unreasonably failed to take advantage of the preventative or corrective opportunities the employer provided." Id.

Despite Defendant Carr and Duff's arguments to the contrary, this Court finds that the additional facts plead in the Amended Complaint sufficiently establish that Defendant Pace operated as Plaintiff's supervisor at the time of the alleged harassment. "[A]n employee is a

5

"supervisor" for the purposes of vicarious liability under Title VII if he or she is empowered by the employer to take tangible employment actions against the victim." Id. Historically, the Court has defined "tangible employment action" as being that which "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Id. at 432 (citing Burlington Indus. v. Ellerth, 524 U.S. 742, 761 (1998)).

In the Amended Complaint, Plaintiff alleges that Defendant Pace worked as Defendant Carr and Duff's foreman and exercised supervisory authority over Plaintiff. (ECF No. 22, ¶¶ 13, 15.) Plaintiff alleges that Defendant Carr and Duff instructed Plaintiff to report to Defendant Pace, (ECF No. 22, ¶ 18), and that as Plaintiff's foreman, Defendant Pace regularly assigned Plaintiff different tasks. (ECF No. 22, ¶ 19.) Plaintiff maintains that Defendant Pace had the authority to permanently remove Plaintiff from his job site (ECF No. 22, ¶ 18), and that Defendant Pace bragged that Defendant Pace could "have Plaintiff terminated at any given time with a simple phone call or email." (ECF No. 22, ¶ 28.) The Court finds that, taken together, the foregoing more than suffices to establish that Defendant Pace functioned as Plaintiff's supervisor for the purposes of Title VII employer liability.

The Court finds no basis in law upon which to require Plaintiff to disprove the affirmative defense potentially available to Defendant Carr and Duff. And as it is not clear on the face of the pleadings that Defendant Carr and Duff would necessarily prevail in its pursuit of an affirmative defense, Plaintiff's claim is not facially deficient. Having demonstrated that Defendant Pace was a supervisory employee employed by Defendant Carr and Duff at all times material to this action, the Court is satisfied that Plaintiff has sufficiently alleged the existence of *respondeat superior* liability. And as Defendant Carr and Duff does not advance any additional

grounds for dismissal of this claim, this Court finds that Plaintiff adequately pleads a prima facie case for Title VII sex-based discrimination. Defendant Carr and Duff's Motion is denied with respect to Count One of the Amended Complaint.

B.    Retaliation

In Count Two of the Complaint, Plaintiff advances a claim against Defendant Carr and Duff for unlawful retaliation in violation of Title VII. (ECF No. 22, ¶¶ 66-68.) As with Count One, Defendant Carr and Duff challenges the sufficiency of the pleadings to establish a prima facie case of retaliation. (ECF No. 26, p. 13.) The Court previously held that Plaintiff's original pleadings were sufficient to allege a claim of retaliation against Defendant Carr and Duff, and the factual allegations of the Amended Complaint are identical in all material respects. This Court therefore incorporates, herein, the Title VII retaliation analysis set forth in its previous Memorandum (ECF No. 20, pp. 9-12), and denies Defendant Carr and Duff's Motion as it relates to Count Two of the Amended Complaint for all the same reasons outlined therein.

II.    **PHRA Claims**

A.    Sex Discrimination

In Count Three of the Amended Complaint, Plaintiff alleges that Defendant Carr and Duff discriminated against Plaintiff on the basis of sex, in violation of the PHRA. (ECF No. 22, ¶¶ 69-72). As the PHRA tracks Title VII claims of the same nature, Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996), and for all the reasons stated above, Defendant Carr and Duff's Motion is denied as it relates to Count Three of the Amended Complaint.

B.    Aiding and Abetting

In Count Four of the Amended Complaint, Plaintiff alleges that Defendants each aided and abetted the unlawful employment practices of a third party, in violation of the PHRA. (ECF No. 22, ¶¶ 73-75.) As done in the Court's earlier Memorandum, (ECF No. 20, p. 15), this Court proceeds under the assumption that Plaintiff alleges that Defendant Carr and Duff aided and

abetted Defendant Pace's unlawful employment practices, and that Defendant Pace aided and abetted Defendant Carr and Duff's unlawful employment practices.

Defendant Carr and Duff's Motion to Dismiss Count Four of the Amended Complaint is granted for the reasons set forth in this Court's earlier Memorandum. "Plaintiff fails to establish that Defendant Pace has committed any act made unlawful by the PHRA. It necessarily follows that Defendant Carr and Duff cannot be held liable under the PHRA for aiding and abetting, as there is no [predicate] misconduct to aid or abet." (ECF No. 20, p. 15.)

As it relates to Defendant Pace, Plaintiff – in the Amended Complaint – successfully pleads a predicate PHRA violation by Defendant Carr and Duff that Defendant Pace could – in theory – be charged with having aided and abetted in violation of §955(e). But, even with the additional facts alleged in the Amended Complaint, Plaintiff fails to provide a basis upon which this Court could infer that Defendant Pace was in a position to compel, incite, or encourage Defendant Carr and Duff's violation of §955(a) – a violation that is, notably, premised on a theory of vicarious liability and not a direct act by the defendant-employer. Defendant Pace's Motion is therefore also granted as it relates to Count Four of the Amended Complaint.

### III. PFPO Claims

#### A. Sex Discrimination

In Count Five of the Amended Complaint, Plaintiff brings a claim against both Defendants for sex discrimination in violation of the PFPO. (ECF No. 22, ¶¶ 76-79.) Defendants move to dismiss Count Five on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. (ECF No. 26, pp. 12-13); (ECF No. 27, p. 11.)

The PFPO limits liability for sex discrimination to employers. Phila., Pa. Code §9-1103(1)(a). Accordingly, Defendant Pace's Motion to Dismiss is granted as it relates to Count V. But sex discrimination claims brought under the PFPO are analyzed in the same manner as Title

VII sex discrimination claims, Joseph v. Cont'l Airlines, 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. 2000), Defendant Carr and Duff's Motion is denied with respect to Count Five for all the reasons set forth above.

    B.    Retaliation

In Count Six of the Amended Complaint Plaintiff brings a claim against both Defendants for unlawful retaliation in violation of the PFPO. (ECF No. 22, ¶¶ 80-82.) Defendants move to dismiss Count Six on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. (ECF No. 26, p. 13); (ECF No. 27, p. 14.) Having reviewed the Amended Complaint, the Court finds that its prior holding remains instructive, here. Thus, the Court incorporates herein the PFPO retaliation section of its earlier Memorandum, (ECF No. 20, pp. 16-18), and holds – once more – that Defendant Pace's Motion to Dismiss Count Four of the Amended Complaint is granted, and Defendant Carr and Duff's Motion to Dismiss Count Four of the Amended Complaint is denied.

    C.    Aiding and Abetting

Lastly, in Count Seven of the Amended Complaint, Plaintiff brings a claim against both Defendants for unlawful aiding and abetting, in violation of the PFPO. (ECF No. 22, ¶¶ 83-85.) As discussed above, Plaintiff has not alleged sufficient facts to support an aiding and abetting claim against either Defendant. Accordingly, the Motions of Defendant Pace and Defendant Carr and Duff are granted as they relate to Count Seven of the Amended Complaint.

IV.    **Punitive Damages**

The Court remains unwilling to state that as a matter of law, Plaintiff could not demonstrate the propriety of punitive damages in this case. Plaintiff's prayer for relief will remain as pled.

## **CONCLUSION**

For the reasons set forth herein, Defendant Carr and Duff's Motion to Dismiss Plaintiff's Amended Complaint is granted with respect to Counts Four and Seven, and is denied with respect to Counts One, Two, Three, Five, and Six. Defendant Pace's Motion to Dismiss Plaintiff's Amended Complaint is granted in its entirety. Plaintiff's prayer for relief will remain as pled. There will be no further amendment.

A corresponding Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II   J.